IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEONARD WILLIAMS,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    Case No. 3:14-cv-00506-JPG-PMF
                                 )
DR. JAMES FENOGIO, et al.,       )
                                 )
    Defendants.                  )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Leonard Williams' motion for a preliminary injunction (Doc. No. 43). Williams is proceeding against a number of defendants, challenging the conditions of his confinement at Lawrence Correctional Center. Answers are not yet due. Williams maintains that he did not receive sufficient medical care after he suffered multiple injuries to his ankle, back, head and shoulders in May, 2012. He further suggests that medical care was deliberately withheld with the intention to retaliate for grievances regarding soy in his diet or in furtherance of a conspiracy (Doc. Nos. 1, 7). Williams seeks an order directing the defendants to transfer him to another IDOC facility. He believes a transfer would allow for proper medical treatment from medical professionals who are not biased or withholding care with a vindictive motive.

In order to establish that he is entitled to a preliminary injunction, Williams must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further

than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a)(2).

Plaintiff has not satisfied the requisite elements for a preliminary injunction.  There is no showing that Williams has a likelihood of success on the merits of his Eighth and First Amendment claims.  The materials submitted do not include medical evidence (or other competent evidence) suggesting that Williams has a serious ailment or that the defendants knew of his condition and responded in a manner that would qualify as deliberate indifference.  There is no evidence that decisions regarding medical care were motivated by administrative grievances.  Similarly, there is no competent evidence that the nature of plaintiff's injury is such that injunctive relief is necessary to avert anticipated irreparable harm.  Moreover, Williams has not shown that the prison's administrative remedy procedure or routine transfer procedures are not available to remedy any harm reasonably anticipated.  20 Ill. Admin. Code §§ 503.120-130, 504.810-850.  Moreover, the relief requested – a transfer to "another facility" – is vague and clearly not the least intrusive means to avoid any anticipated harm from deficient medical attention.

IT IS RECOMMENDED that Williams' motion for a preliminary injunction (Doc. No. 43) be DENIED.

SUBMITTED:  August 6, 2014.

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**